UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| KIM KEONG LOH and JIN RONG SU, | **ORDER** |
| Plaintiffs, | 20-CV-01597 (HG) (MMH) |
| v. | |
| KONG KEE FOOD CORP., KONG KEE HOLDING CORP., IP WING KONG, and YUET TONG LAM, | |
| Defendants. | |
| KIM KEONG LOH, | |
| Plaintiff, | 20-CV-04744 (HG) (MMH) |
| v. | |
| 212 GRAND FOOD CORP., | |
| Defendant. | |

**HECTOR GONZALEZ**, United States District Judge:

Plaintiffs have asserted claims against Defendants in the above-captioned, related actions for unpaid minimum wages and overtime in violation of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"), along with unpaid spread of hours pay under the NYLL. ECF No. 1 ¶¶ 54–78.[1] Plaintiffs have also alleged that Defendants violated the NYLL by failing to provide wage notices at the time Plaintiffs were hired and by failing to provide

---

[1] Plaintiffs filed their motion for approval of the parties' settlement only on the electronic docket for *Loh v. Kong Kee Food Corp., et al.*, No. 20-cv-01597, although the contents of the motion and the parties' settlement agreement make clear that they apply to both related cases. References in this order to documents by their "ECF No." are citations to documents on that case's docket.

wage statements when Plaintiffs were paid. *Id.* ¶¶ 89–97. The parties have submitted a proposed settlement of Plaintiffs' individual claims for the Court's review and approval pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). *See* ECF No. 87. Despite including class action allegations in the complaint for each case, *see* ECF No. 1, the parties have neither sought to certify a class with respect to any of Defendants' other non-party employees, nor purported to settle claims on those employees' behalf.

In *Cheeks*, the Second Circuit held that "Rule 41(a)(1)(A)(ii) stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the [U.S. Department of Labor] to take effect." *Cheeks*, 796 F.3d at 206; *see also Samake v. Thunder Lube, Inc.*, 24 F.4th 804, 810–11 (2d Cir. 2022) (holding that, in FLSA cases, district courts must also review unilateral notices of dismissal by a plaintiff pursuant to Rule 41(a)(1)(A)(i)).[2] "When presented with a settlement for approval, a district court's options are to (1) accept the proposed settlement; (2) reject the proposed settlement and delay proceedings to see if a different settlement can be achieved; or (3) proceed with litigation." *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 606 (2d Cir. 2020). In other words, "[i]f a district court concludes pursuant to *Cheeks* that a proposed settlement is unreasonable in whole or in part, the court cannot simply rewrite the agreement—it must reject the agreement or give the parties an opportunity to revise it." *Id.* at 605.

Although the Second Circuit has not established an exhaustive list of factors that district courts should consider when reviewing FLSA settlements, it has identified the following factors as ones that district courts "typically" use:

---

[2]   Unless noted, case law quotations in this order accept all alterations and omit internal quotation marks, citations, and footnotes.

2

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

*Id.* at 600.  With respect to attorneys' fees, the fees collected by a plaintiff's attorneys need not be calculated as a percentage of the overall settlement, and in the event that they are calculated as a percentage, they need not be limited to 33% of the settlement.  *Id.* at 602–03 (vacating district court order that limited the attorneys' fees collected by plaintiff's counsel to 33% of the settlement).  This is because the attorneys' fees provision of the FLSA was designed to "encourage members of the bar to provide legal services to those whose wage claims might otherwise be too small to justify the retention of able, legal counsel." *Id.* at 603.

The Court finds that the parties' proposed settlement is fair and reasonable according to *Cheeks* and its progeny.  Although the $50,065.97 that Plaintiffs personally will recover, separate from attorneys' fees, represents only 23.8% of the total maximum recovery estimated by Plaintiffs' counsel, *see* ECF No. 87 at 3, the Court finds that the amount is reasonable.  This settlement amount reasonably discounts for the possibility that Plaintiffs might have been unable to prove at trial:  (i) the full amount of their unpaid wages; (ii) that Plaintiffs were entitled to liquidated damages for the full amount of these wages; or (iii) that Plaintiffs were entitled to statutory damages for the wage notice and wage statement claims.  Additionally, the settlement agreement was reached with the assistance of a neutral mediator from the District's Court-Annexed Mediation Program, and only after the Court had held a pretrial conference and set a trial date.  Under these circumstances, the Court finds that the settlement agreement is a fair, arm's-length bargain.

3

Although the $75,098.95 that Plaintiffs' counsel will recover in attorneys' fees as part of the settlement exceeds Plaintiffs' personal recovery, that payment of fees is less than the lodestar fee amount calculated by Plaintiffs' counsel based on hourly rates and hours spent that the Court deems to be reasonable for a case that was pending for more than three years and that settled approximately seven weeks before trial. *See* ECF No. 87 at 3–4. Additionally, the fact that the recovery by Plaintiffs' attorneys is greater than Plaintiffs' personal recovery does not suggest that the settlement is unfair since a similar result may have occurred if Plaintiffs had recovered a relatively small amount of damages at trial, after which Plaintiffs' counsel still would have been entitled to a separate award of attorneys' fees pursuant to the fee-shifting provisions of the FLSA and the NYLL. *See* 29 U.S.C. § 216(b); N.Y. Lab. L. § 198.

The Court finds that the non-monetary terms of the parties' agreement are also reasonable. The release that Plaintiffs are giving to Defendants is not overly broad because it is limited to wage and hour claims. ECF No. 87-1 at 6–7. The full settlement agreement has been publicly filed, and it contains no confidentiality provisions, non-disparagement clauses, or provisions limiting Plaintiffs' ability to work in the future. *See* ECF No. 87-1.

## **CONCLUSION**

For the reasons set forth above, the Court GRANTS the parties' joint motion to approve the parties' proposed settlement, as required by *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). *See* ECF No. 87. Since the parties have filed a fully-executed

stipulation of dismissal as an exhibit to the settlement agreement, pursuant to Rule 41(a)(1)(A)(ii), this case is deemed closed.  *See* ECF No. 87-1 at 12–13.

SO ORDERED.

      */s/ Hector Gonzalez*
      HECTOR GONZALEZ
      United States District Judge

Dated: Brooklyn, New York
       August 11, 2023